**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: February 27 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: Kenneth Meggitt ) | Case No. 17-30029 |
| Debtor. ) | |
| ) | Chapter 12 |
| Kenneth Meggitt, ) | |
| Plaintiff/Counter-Claim Defendant, ) | Adv. Pro. No. 17-3014 |
| ) | |
| v. ) | Hon. Mary Ann Whipple |
| ) | |
| Neema, LLC and Plyush Patel, ) | |
| Defendants/Counter-Claim ) | |
| Plaintiffs and Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Suzanne Mandros, Trustee, ) | |
| Third-Party Defendant, ) | |
| and ) | |
| ) | |
| United States of America Small Business ) | |
| Administration, ) | |
| Third-Party Defendant, ) | |
| and ) | |
| ) | |
| Jane/John Doe, ) | |
| Third-Party Defendant ) | |

### ORDER RE PLAINTIFF'S MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

Plaintiff, who is the Debtor in the underlying Chapter 12 case, filed his adversary complaint

on February 8, 2017. Defendants responded with counter-claims and third party-claims. The primary dispute is whether there is a contract for Plaintiff's sale to Defendant Neema, LLC of real property upon which a market is operated, and what happens to the parties' rights and various claims, counter-claims, third-party claims and cross-claims if there is or is not a contract. Plaintiff argues that there is no binding contract for the sale of the real property. Defendants argue that there is a binding contract and that Plaintiff breached it.

Discovery deadlines and a trial date have come and gone. Settlement efforts have been undertaken, unsuccessfully so far. At the most recent pretrial scheduling conference, the court and the parties agreed to sever certain claims for trial, with the claims addressing whether there is a contract to proceed first, on May 9, 2018. [Doc. # 76]. The thought is that these claims are focused and direct, and that their outcome will impact whether further trial or other proceedings are necessary.

In the meantime, there are three pending discovery motions: Plaintiff's motion to deem admitted requests for admission to Defendant Neema, LLC, [Doc. # 38], Plaintiff's motion to compel from Defendant Neema, LLC responses to interrogatories and document requests, [Doc.# 37], and Neema, LLC's motion for a protective order, [Doc. # 49]. The bifurcation of issues also impacts these discovery motions.

Plaintiff served a set of requests for admission, interrogatories and requests for production of documents on each of Defendants Plyush Patel and Neema, LLC on July 25, 2017, [Doc. ## 30-33], in advance of a then- October 16, 2017, discovery cutoff and December 6, 2017, trial date, [*see* Doc. # 28]. The responses were due 30 days after service, Fed. R. Bankr. P. 7033, 7034 and 7036; Fed. R. Civ. P. 33(b)(2), 34(b)(2) and 36(a)(3), plus 3 days for mailing, Fed. R. Bankr. P. 9006(f). As permitted by the rules, Fed. R. Civ. P. 36(a)(3); Fed. R. Civ. P. 29(b); Fed. R. Bankr. P. 7029, the

2

parties stipulated to an extended response date of September 12, 2017. But no responses were forthcoming from Defendant Neema, LLC after representations that they were imminent and Plaintiff's good faith efforts to obtain them were unsuccessful. Plaintiff filed his discovery motions on October 17, 2017.

Defendant Neema, LLC also did not respond to either of Plaintiff's two discovery motions within the time provided by Local Bankruptcy Rule 9013-1, but on November 28, 2017, it filed its own motion for a protective order. Plaintiff's response to the motion for a protective order includes as an attachment Defendant Neema, LLC's written responses to the discovery requests, which show that they were served on Plaintiff's counsel on November 20, 2017. [Doc. # 66-1, p.16/16].

This order addresses Plaintiff's motion to deem admitted the requests for admission included in his discovery requests to Defendant Neema, LLC.

Plaintiff propounded 10 requests to admit facts. [Doc. # 31, pp. 6-10]. They all pertain to the issue of whether there is or is not a contract to sell real estate between the parties. They are each proper requests within the parameters of Rule 36(a)(1)(A). Defendant Neema, LLC did not timely respond to the requests by the parties' stipulated extended deadline.

Rule 36(a)(3) establishes the effect of an untimely response: "A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3); Fed. R. Bankr. P. 7036. This rule is self-executing. *F.T.C. v. Medicor LLC*, 217 F.Supp. 1048, 1053 (C.D. Cal. 2002); *In re Shader,* Bankruptcy Case No. 10-10480, Adversary No. 10-1025, 2011 WL 6739581, *3 (Bankr. D. Vt. Dec. 16, 2011); *see Goodson v. Brennan*, 688 Fed. Appx. 372, 375 (6th Cir. 2017). *But see U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). Plaintiff's motion and court intervention to deem the requests admitted is thus

3

unnecessary, *Am. Tech Corp. v. Mah,* 174 F.R.D. 687, 689 (D. Nev. 1997), as the requests are deemed admitted by operation of the rule. On that basis Plaintiff's motion is subject to denial for lack of a case or controversy.

Oh that the matter were so straightforward. "[O]n motion," Rule 36(b) permits "the admission to be withdrawn or amended." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). One might fairly conclude from the docket that no such motion has been filed, the only motion filed by Defendant Neema LLC being its motion for a protective order. That motion says nothing about withdrawing or amending its deemed admissions. But the Sixth Circuit Court of Appeals has muddied the water on the necessity of a formal motion asking to have admissions withdrawn or amended.[1] Notwithstanding the plan language of the rule, the Sixth Circuit has held that "a formal motion is not always required." *U.S. v. Petroff-Kline*, 557 F.3d at 293 (citing *Kerry Steel Inc. v. Paragon Indus.*, 106 F.3d 147, 153-54 (6th Cir. 1997)). "Instead," in the Sixth Circuit, "a withdrawal 'may be imputed from a party's actions' including the filing of a belated denial." *Id.*, at 294. In *Kerry Steel* the Sixth Circuit upheld the withdrawal of admissions based only on oral statements at a hearing, despite the fact that the statements were neither written nor styled as a motion *per se. Kerry Steel, Inc.*, 106 F.3d at 153–54.

Defendant Neema LLC did finally file belated responses to Plaintiff's requests for admission. The actual responses are a mixed bag, with a laundry list of "general objections" to the

---

[1] It is not alone in doing so. *See, e.*g., *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016)(stating that a formal separate motion is not required and finding a request in a motion opposing summary judgment to be sufficient); *Bailey v. Christian Broadcasting Network*, 483 Fed. Appx. 808, 810 (4th Cir. 2012) (motion for extension of time "was, in essence, a motion to withdraw deemed admissions"); *Quasius v. Schwan Food Co.,* 596 F.3d 947, 951–52 (8th Cir. 2010) (emphasizing the need for a party to file <u>something</u> in order for the court to construe the filing as a motion to withdraw).

requests to admit, a couple of admits, a couple of denies and several admits and denies that have additional language attached.

The question is whether Neema LLC's belated response to the requests for admission is conduct sufficient to impute a request for a withdrawal or amendment as contemplated by *Petroff-Kline* (where the tardy party was the government and the responses were just a couple of days late). Here, the responses are more than two months late. And although the Sixth Circuit in *Petroff-Kline* did not apply the standard applicable to a motion under Rule 36(b) in connection with imputing withdrawal of deemed admissions by the filing of a late response, another court cited by the Sixth Circuit in *Petroff-Kline* treated the days-late filing as a motion to which the standard would apply. *See Chancellor v. City of Detroit*, 454 F. Supp. 645, 666 (E.D. Mich. 2006)(untimely responses deemed to be motion to withdraw deemed admissions). Given the present posture of this adversary proceeding, with a new trial date now limited to specified issues (to which the requests for admission pertain) and a new discovery cutoff as to those issues just having been set, the court finds that the Sixth Circuit would treat the belated filing as Neema LLC's request for amendment of its deemed admissions to which the Rule 36(b) standard should be applied.

A trial court has considerable discretion over whether to permit withdrawal or amendment of admissions. *Kerry Steel, Inc.*, 106 F.3d at 154. This discretion must be exercised in light of Rule 36(b), which permits withdrawal "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b); *Freeman v. City of Detroit*, 274 F.R.D. 610, 613 (E.D. Mich. 2011). Additionally, the prejudice contemplated by Rule 36(b) "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice under Rule 36(b) "rather, 'relates to special difficulties a party may face caused by a

5

sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Kerry Steel, Inc.*, 106 F.3d at 154 (quoting *American Auto. Ass'n v.AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991)).

Given that the requests are directed at the issues now set to be tried, and that there are also other parties and claims that are still part of this proceeding, accurate responses will serve the interest of presentation of the merits of the action overall. And given the present status of the proceeding as having a trial date 2 and ½ months and a discovery cutoff 2 months down the road, and with no depositions having occurred, Plaintiff is not faced with a sudden need to obtain evidence for trial that he did not otherwise contemplate developing because of the deemed admissions and that cannot reasonably be addressed now in the ordinary course of this action going forward if need be. Thus, the prejudice contemplated by Rule 36(b) as a limitation on withdrawal or amendment of a prior admission, deemed or otherwise, is absent. The court will therefore permit and construe Defendant Neema LLC's responses to Plaintiff's requests for admission as amendments of its deemed admissions.

Unfortunately, that determination still does not conclude the issues surrounding the requests for admission. The sufficiency of the now-amended responses is raised by Plaintiff's Motion and his opposition to Defendant Neema LLC's motion to compel. As the court is already in the business of deeming actions as requests for relief under Rule 36 pursuant to *Petroff-Kline*, it will treat Plaintiff's Motion and opposition to Defendant Neema LLC's request for a protective order as a motion to determine the sufficiency of the amended answers. Indeed the court finds them deficient in several respects. If the court finds in evaluating the sufficiency of a response that "it does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

6

**General Objections**

Rule 36(a)(5) makes room for objections in responding to requests for admission, stating that "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36(a)(5).

Defendant Neema LLC's responses include a list of six general objections to Plaintiff's requests for admission, without specifying to which admission any of the objections apply. Rather the seventh paragraph on the list states that "[e]ach of the foregoing General Objections is respectfully incorporated into the specific responses set forth herein." And the sixth general objection on the list by its language applies only to the interrogatories. The other five are objections on the basis of attorney client privilege and work product, confidential information, relevance, undue burden, and imposition of obligations beyond or inconsistent with the requirements of "the Federal Rules of Civil Procedure or other applicable local rules, case law, statutes, and any orders issued by this court."

These types of generalized "boilerplate" objections are generally viewed by courts as improper and essentially useless. *See Liguria Foods, Inc. v. Griffith Laboratories, Inc.*, 320 F.R.D. 168, 170-71, n.1, 186-89 (N.D. Iowa 2017)(quoting Matthew L. Jarvey, *Boilerplate Discovery Objections: How That are Used, Why they are Wrong, and What We Can Do About Them*, 61 Drake L.Rev. 913, 914-16 (2013)); *In re Haynes,* 577 B.R. 711, 723-27 (Bankr. E.D. Tenn. 2017). Citing Rule 36(a) generally, the court in *Fisher v. Baltimore Life Ins. Co*, 235 F.R.D. 617, 630 (N.D. Va. 2006), bluntly applied this principle to responses to requests for admission, stating that "[g]eneral objections to requests for admissions are prohibited." This court agrees, and finds that this list of general "boilerplate objections" does not comply with Rule 36(a)(5). They are all overruled. *See Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 80 (N.D.N.Y. 2003)("Unless these objections are raised as to a specific request to admit, this Court will ignore them completely.").

An additional problem exists with General Objection No. 1 made on the grounds of attorney client privilege and work-product. Rule 26(b)(5) explains the manner in which privilege and trial preparation work-product must be claimed. Fed. R. Civ. P. 26(b)(5); Fed. R. Bankr. P. 7026. First, the objecting party "must expressly make the claim." Fed. R. Civ. P. 26(b)(5)(A)(i). Defendant's General Objection fails to do so with respect to any particular request for admission. Second, the objecting party must "describe the nature of the documents, communications, or tangible things not produced or disclosed." Fed. R. Civ. P. 26(b)(5)(A)(ii). This requirement is generally met by producing what is colloquially known as a privilege log. *In re Haynes,* 577 B.R. at 737. Defendant has failed to provide any information whatsoever with respect to anything being withheld in its responses to Plaintiff's requests for admission. The failure to comply with Rule 26(b)(5) provides an additional basis for overruling General Objection No. 1 to Plaintiff's requests for admission.

**Requests to Admit 1, 2, 4 and 5**

Defendant responds to Requests 1 and 2 "Admit." Defendant responds to Requests 4 and 5 "Deny." With the overruling of the General Objections, the court finds that these responses are sufficient.

**Request to Admit 3**

Request 3 states: "Please admit that at the time you executed the Agreements [defined term in Plaintiff's Definitions] with the Plaintiff, that you had knowledge that the Real Property [defined term in Plaintiff's Definitions] upon which Strawberry Hill [defined term in Plaintiff's Definitions] was operated was encumbered by a mortgage."

Defendant's response to Request 3 states: "Deny. In December 18, 2012 "Agreement for Purchase and Sale of Assets" Kenneth Meggitt, as Member of Strawberry Hill, LLC represented in Paragraph 7(c) that he had good and marketable title to, and has sole possession and control of, each

of the Purchased Assets, free and clear of all mortgages, liens, pledges, charges, claims, restrictions, defects of title or other encumbrances or rights of others."

Rule 36(a)(4) sets the standard for responding to a request for admission. It leaves room for a qualifying statement "when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

The court finds that the statement after "Deny" does not meet the standard of Rule 36(a)(4). Assuming the accuracy of the denial, the statement that follows is not a qualification. An example of a proper qualification to this request might pertain to the timing of any knowledge, as timing is clearly an element of the request. Instead this statement is simply argumentative, as if providing a reason for why Neema LLC did not know of any encumbrance or did not do or might not have done a title search, for example. It clouds but does not really qualify the accuracy of the denial. The court does not find that any qualification is needed to cure an improper inference in the denial. Moreover, even if an explanation is needed to cure any improper inference, a good faith qualification of the response requires the responding party to also state specifically what part of the request is true or not true. Defendant's complete response does not do that. As such, the court finds the response to Request 3 insufficient because of the added statement, which causes it not to meet the substance of the requested admission.

**Requests to Admit 6, 7, 9 and 10**

Request 6 states: "Please admit that at the time this case was commenced, property taxes were due and owing on the Real Property [defined term in Plaintiff's Definitions]." Request 10 states: "Please admit that you never entered into a land contract with the Plaintiff." The responses to both 6 and 10 are "Admit" followed by this statement: "Neema is and was ready willing and able to

9

complete each of the agreements made with Kenneth Meggitt and Strawberry Hill, LLC. Neema has communicated this repeatedly to Kenneth Meggitt and his attorneys; however, Kenneth Meggitt has refused to cooperate in any manner to complete his agreements."

Request 7 states: "Please admit that there exists no lease agreement, or formal purchase agreement with respect to the Real Property." Request 9 states: "Please admit that you did not escrow money for a Phase I Environmental Study as provided for in the Agreements [defined term in Plaintiff's Definitions]." The responses to both Requests 7 and 9 are "Deny" followed by the same statement quoted above with respect to the responses to Requests to Admit 6 and 10.

The court finds that the statement after "Admit" and "Deny" does not meet the standard of Rule 36(a)(4). Again, assuming the accuracy of the admissions and denials, the statement that follows is not a qualification. It is argumentative, as if providing a reason for this or that. It clouds but does not really qualify the accuracy of the admissions and denials. The court finds that no improper inference arises from the admissions or denials. Even if explanation is needed to cure improper inferences, a good faith qualification of a response requires the responding party to also state specifically what part of the request is true or not true. Defendant's responses do not do that. As such, the court finds the responses to Requests 6, 7, 9 and 10 insufficient because of the added statement, which causes them not to meet the substance of the requested admission.

**Request to Admit 8**

Request 8 states: "Please admit that you didn't enter a nondisclosure agreement with the Plaintiff as provided for in the Agreements [defined term in Plaintiff's Definitions]." The response to Request 8 is "Deny" followed by this statement: "Neema has continuously abided by a non-disclosure as provided in the November 20, 2012 "Letter Agreement." Neema is and was ready willing and able to complete each of the agreement made with Kenneth Meggitt and Strawberry Hill,

10

LLC. Neema has communicated this repeatedly to Kenneth Meggitt and his attorneys; however, Kenneth Meggitt has refused to cooperate in any manner to complete his agreements." The second sentence of this "qualifying" statement is the same sentence included in the responses to Requests 6, 7, 9 and 10.

The court finds that the statement after "Deny" does not meet the standard of Rule 36(a)(4). Assuming the accuracy of the denial, the statement that follows is not a qualification. Both added sentences are argumentative. The added language clouds but does not really qualify the accuracy of the denial. The court does not find that any qualification is needed to cure an improper inference in the denial. Moreover, even if an explanation is needed to cure an improper inference, a good faith qualification of the response requires the responding party to also state specifically what part of the request is true or not true. Defendant's response does not do that. As such, the court finds the response to Request 8 insufficient because of the added sentences, which cause it not to meet the substance of the requested admission.

Base on the foregoing, for cause shown,

**IT IS ORDERED** that Plaintiff's Motion to Deem Requests for Admission Admitted [Doc. # 38] is **DENIED in part** and **GRANTED** in part;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deem Requests for Admission Admitted is **DENIED** as moot to the extent it seeks a determination that his requests for admission have been deemed admitted; and

**IT IS FURTHER ORDERED** that Defendant Neema LLC's late responses to Plaintiff's requests for admission, attached to Plaintiff's response to Defendant's motion for a protective order and served on Plaintiff's counsel on November 20, 2017, [Doc. # 66-1], are hereby deemed to be a Motion to Withdraw or Amend Deemed Admissions under Rule 36(b), which motion is **GRANTED**;

and

      **IT IS FURTHER ORDERED** that Defendant Neema LLC's deemed admissions of Plaintiff's requests for admission are amended by the November 20, 2017, responses at Doc. # 66-1; and

      **IT IS FURTHER ORDERED** that Plaintiff's Motion to Deem Requests for Admission Admitted is **GRANTED** to the extent it seeks a determination of the sufficiency of Defendant Neema, LLC's amended admissions at Doc. # 66-1; and

      **IT IS FINALLY ORDERED** that Defendant Neema LLC must file and serve on or before **March 15, 2018**, amended responses to Plaintiff's Requests for Admission 3 and 6-10 in accordance with this order.

###